JOHN B. GORDON *et al.*, plaintiffs in error, *vs.* WILLIAM R. PHILLIPS, defendant in error.

A sells land to B, making a bond for title when the purchase money is all paid. B sells to C, and by consent of all parties the bond is canceled, and a deed made by A to C :

*Held,* that in an action by A against B on the note for the purchase money, he cannot set up a failure of the title. Nor does it alter the case that he holds C's notes as collateral.

Warranty. Bond for title. Vendor and purchaser. Before GEORGE HILLYER, Esq., Judge *pro hac vice.* DeKalb Superior Court. September Term, 1874.

William R. Phillips brought complaint against John B. Gordon, Thomas C. Howard and A. B. Reagan, on four notes, each for $250 00, dated May 2d, 1868, and due at three, six, nine and twelve months, respectively, the consideration expressed being "value received for part pay for lot on which Gate City Machine Shop is situated." The defendants pleaded failure of consideration.

The facts presented by the testimony were as follows:

The notes sued on were given by the defendants to the plaintiff in part payment for the property specified therein, they taking his bond conditioned to make title when the same were paid. Defendants sold the lot to Glenn & Wright, transferring to them the aforesaid bond for titles, directing the plaintiff to make title to them, and taking their notes for the purchase money. The deed was executed to Glenn & Wright as directed. These notes were transferred to the plaintiff as collateral security for the notes sued on, but had never been paid. The property was subsequently sold under an execution against Hammond Marshall, from whom the plaintiff

had purchased, based on a judgment of older date than the sale to the plaintiff.

The jury found for the plaintiff. The defendants moved for a new trial because the court erred in charging "that if the defendant transferred or parted with the bond for titles received by them from the plaintiff at the time the notes were given, they became, from that time, strangers to the title, and its validity or invalidity would not affect their liability on the notes, and in such case plaintiff would be entitled to recover."

The motion was overruled, and the defendants excepted.

L. E. BLECKLEY; M. A. CANDLER, for plaintiffs in error.

L. J. WINN, for defendant.

McCAY, Judge.

We are not at all prepared to say that, before a proper forum and with the proper parties, and with such allegations as were asserted as true on the argument, these parties are without redress. But we think as the case stood, and as it now stands, the charge of the court was right. Glenn & Wright, and they alone, have Phillips' deed. To allow these plaintiffs in error to set off against their notes the value of the land lost by the breach of Phillips' warranty to Glenn & Wright, would be no defense by Phillips to an action by them or their vendees on that warranty. General Gordon and his co-purchasers got no warranty and have given none. If Glenn & Wright be insolvent, and if the other matters set up on argument here be true, we do not say that these defendants may not have some rights of subrogation, etc. But with the present parties and allegations and pleadings, to give to these defendants the right to set up the warranty to Glenn & Wright, would be to expose Phillips to the same difficulty they are in. Who shall say that Glenn & Wright have not sold to parties who may have a right to sue Phillips on his deed? The legal right of the plaintiffs in error is clearly gone. They got no warranty, and they gave none. If they have any

rights it is by virtue of the equities that may arise out of the situation of Glenn & Wright and their *status* as to this land. This matter could not have been considered by the court as Glenn & Wright were not parties, nor did any facts appear to justify the court in charging the jury as to the question of subrogation, since it did not appear who was the party at present entitled to sue on Phillips' deed.

Judgment affirmed.